**Manuel REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00937–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 2002.

Frances Northcutt, Houston, for Appellant.

Eric Kugler, Assistant District Attorney of Harris County, Houston, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

### OPINION

SAM NUCHIA, Justice.

Manuel Reyes, appellant, was charged by indictment with the felony offense of failing to comply with the sex offender registration requirements from August 7,

2000 through October 8, 2000. Appellant pled not guilty, and a trial was held before a jury, which found him guilty. The trial judge assessed punishment, enhanced by two prior felony convictions, at confinement for 60 years. Appellant challenges the trial court's decision on three issues: (1) legal and (2) factual insufficiency to support the jury's verdict, and (3) imposition of an illegal sentence because the punishment under the sex offender registration laws is not subject to enhancement as a habitual offender under article 12.42(d) of the Texas Code of Criminal Procedure. We affirm.

## Background

On June 25, 1993, appellant was convicted of indecency with a child, and sentenced to five years in prison. Appellant was released from prison on February 25, 1998. Appellant was required to register with the local law enforcement agency not later than the seventh day after the date on which he was released, pursuant to the Texas Code of Criminal Procedure article 62.03. On March 13, 1998, Dalia Hester, a Houston Police Officer assigned to the Sex Offender Registration Unit of the juvenile division, met with appellant to fill out the sex offender registration form. The sex offender registration form, which was signed by appellant, indicated that he understood all the requirements. The form stated that verification was required annually. In 2000, the registration requirements were changed, making the anniversary date for registration the person's date of birth. Act of May 26, 1999, 76th Leg., R.S., ch. 444, section 6, 1999 Tex. Gen. Laws 2827. Appellant did not register at all during 2000.

## Discussion

### *Sufficiency of the Evidence*

■ In his first two points of error, appellant argues that the evidence was legally and factually insufficient to prove that he was guilty of failing to register as a sex offender.

In reviewing the evidence on legal sufficiency grounds, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App.2000). In reviewing the evidence on factual sufficiency grounds, we ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id.* at 563. We must avoid substituting our judgment for that of the fact finder. *Id.*

In this case, Officer Hester testified that she met with appellant to fill out the registration form as required by article 62.03. Texas Code of Criminal Procedure Ann. art. 62.03 (Vernon Supp.2002). Hester also testified that she notified appellant that he was required to register once a year. Hester's testimony was supported by the information contained in the sex offender registration form, which she filled out in appellant's presence on March 13, 1998. Appellant signed this form, indicating that he had thoroughly reviewed the information provided prior to signing this form. The same information and notification of annual registration was contained in the adult sex offender registration pre-release notification form, which was also initialed by appellant.

Appellant argues that "there was no evidence presented which showed appellant actually knew of the requirement to report during the period alleged in the indictment

and consequently no evidence that appellant's alleged failure to register during that period was intentional or knowing." Appellant bases his argument on the fact that the registration requirements changed in 2000, from the "date on which the person first registered" to the "person's date of birth." *See* Act of May 26, 1999, 76th Leg., R.S., ch. 444, section 6, 1999 Tex. Gen. Laws 2827. It is well settled that ignorance of the law is not a defense to its violation. *See Almanza v. State*, 365 S.W.2d 360, 362 (Tex.Crim.App. 1963). The record shows that appellant did not register at all during the year 2000 and that appellant did not comply with the statute whether the registration was based on his first registration date or on his birth date.

We find, after reviewing the evidence in the light most favorable to the verdict, that a rational trier of fact could have found that appellant did not intend to comply with the registration requirements under article 62.06(b).[1] Tex.Code Crim. Proc. Ann. art. 62.06(b) (Vernon Supp.2002). Furthermore, we find that the evidence on this point was not so weak as to undermine confidence in the jury's determination nor was it greatly outweighed by contrary proof. *See King*, 29 S.W.3d at 563. We overrule appellant's first two points of error.

### Punishment Enhancement

■ In his third point of error, appellant claims his sentence was illegal because the sex offender registration offense is not subject to enhancement under the habitual offender statute. Appellant was charged with a third degree felony under article 62.10(a)(2). *See* Tex.Code Crim. Proc. Ann. art. 62.10(a)(2) (Vernon Supp.2000). His punishment was enhanced under the Texas Penal Code section 12.42(a)(3) by his prior felony convictions for burglary and aggravated assault. *See* Tex. Pen.Code Ann. § 12.42(a)(3) (Vernon Supp.2002).

Relying on *State v. Mancuso*, appellant claims that paragraph "(c)" of article 62.10 functions as an enhancement provision, which precludes the application of any other enhancement provision to the offense. *See State v. Mancuso*, 919 S.W.2d 86, 88 (Tex.Crim.App.1996).

*Mancuso* dealt with a conflict between the general enhancement statute for state jail felonies and the general enhancement for habitual felony offenders. In clearing up the conflict, the Court of Criminal Appeals held that a non-aggravated state jail felony could not be enhanced under the habitual offender enhancement statute. *Id.* at 89–90. Paragraph "(c)" of article 62.10 is not a general punishment enhancement statute of the type addressed in *Mancuso*. Rather, it is a specific provision that raises the punishment level of an article 62.10 offense when the defendant has been previously convicted of an article 62.10 offense. As such, article 62.10(c) provides a very specific exception to the general enhancement statute, but does not otherwise preclude the application of section 12.42.[2]

---

1. The State cites *Rodriguez v. State* for the proposition that article 62.06(b) of the Code of Criminal Procedure does not require a culpable mental state. 93 S.W.3d 60, 73 (Tex. Crim.App. 2002). We do not agree with the State. If the definition of an offense does not prescribe a culpable mental state, one is nevertheless required unless the definition plainly dispenses with any mental element. *See* Tex. Pen.Code Ann. § 6.02(b) (Vernon 1994). We do not believe that a culpable mental state has been dispensed with in article 62.06(b). *See Aguirre v. State*, 22 S.W.3d 463, 472 (Tex. Crim.App.1999).

2. It is presumed in the enactment of a statute that the entire statute and all words in the statute are intended to be effective, and the language therein will create a just and reasonable result. *See* Tex. Gov't Code Ann.

We hold that the enhancement of appellant's punishment under section 12.42 of the Texas Penal Code did not result in an illegal sentence. We overrule appellant's third point of error.

### Conclusion

We affirm the judgment of the trial court.

§ 311.021 (Vernon 1995). If a general provision conflicts with a specific provision, the provisions shall be construed, if possible, so that effect is given to both. TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1998); *Dillehey v. State,* 815 S.W.2d 623, 632 (Tex.Crim.App. 1991); *Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Crim.App.1988). If the statutes are unable to be reconciled, the specific statute will prevail as an exception to the general statute, unless the general statute is the later enactment and the manifest intent is that the general provisions prevail. TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1998); *State v. Mancuso,* 919 S.W.2d 86, 88 (Tex.Crim.App.1996).