HERRELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-055-CR

JACKIE WADE HERRELL, SR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jackie Wade Herrell, Sr. appeals from a guilty verdict for the offense of failure to comply with sexual offender registration requirements.  In one point, 
appellant complains that the evidence was insufficient to support the verdict. 
We affirm.

Facts

Appellant was a convicted sexual offender who was required to register his address with the police.  
See 
Tex. Code. Crim. Proc. Ann.
 art. 62.10(a) (Vernon Supp. 2004).
  
In February 2001, appellant went to the police department to register as a sex offender.  At the time of registration, the police explained to him the sexual offender registration requirements
.  Officer Vernon Kenneth McHorse went over all the registration paperwork with appellant and told him that he was required to re-register every year
 in April for the rest of his life.  Appellant re-registered on his birthday in April 2001.  At the initial registration, he was living in a parole-run halfway house. 

During the first registration in February 2001, the police also told appellant that if he planned to change addresses, he was required to notify the Fort Worth Police Department orally in person and in writing at least seven days before he was going to move, and provide them with his new address at that time.  At trial, the trial court admitted the first registration form signed by appellant, which contained the registration and notification requirements. 

Parole Officer William Kenneth Neill was appellant’s parole officer.  When appellant was released from prison in February 2001 he met with Officer Neill who informed him of the requirements of his parole.  In particular, he was not allowed to move without permission from his parole officer.  Officer Neill last saw appellant at the halfway house on June 24
, 2001.  Officer Neill testified that appellant did not tell him that he intended to change his address.  Sometime thereafter, appellant left the halfway house without notice and the police considered him missing.

According to a proposed home plan, appellant had wanted to move out of the halfway house into a family member’s home in Azle.  Officer Neill denied the home plan because six children lived adjacent to the home on the same property.  
Appellant was aware that the home plan was denied and that he was required to continue living at the halfway house until a suitable home plan could be approved. 

On a tip, Sergeant Willbert Kendricks, who was assigned to try to find missing sex offenders, found appellant living in his brother’s trailer in Azle.  At the time of appellant’s arrest, a child under the age of five was present at the home.  After his arrest, appellant admitted to the police that he left the halfway house without informing the halfway house, the police, or his parole officer. 
 

Discussion

In his sole point, appellant challenges the sufficiency of the evidence to support the verdict.  
Specifically, he argues that the State failed to prove that he failed to provide his anticipated move date and address to the Fort Worth Police Department or his parole officer.
  

Under article 62.10(a) of the code of criminal procedure, a person commits an offense if the person is required to register as a sexual offender and fails to comply with any requirement of chapter sixty two of the code of criminal procedure.  
Tex. Code. Crim. Proc. Ann.
 art. 62.10(a).  Article 62.04 requires that if a registered sex offender intends to change addresses, seven days before the intended change, the person shall report in person to the local law enforcement authority and to the parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address.  
Id. 
art. 62.04(a).  The State showed that appellant did not verify his new address changes with the proper authorities seven days before he left the halfway house.  
See, e.g., Reyes v. State
, 96 S.W.3d 603, 605 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. ref'd).  The fact that appellant expressed a desire, in a home plan, to live with his brother and his children does not constitute registry under the statute.  

Thus, applying the appropriate standards of review,
(footnote: 2) we hold that the evidence is both legally and factually sufficient to support the conviction.
(footnote: 3)  
See Rodriguez v. State
, 45 S.W.3d 685, 687-88 
(Tex. App.—Fort Worth 2001), 
aff’d,
 93 S.W.3d 60 (Tex. Crim. App. 2002).  We affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 27, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)
 (holding that 
a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.