COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-055-CR
  
  
JACKIE WADE HERRELL, SR.                                                  APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 213TH DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Jackie 
Wade Herrell, Sr. appeals from a guilty verdict for the offense of failure to 
comply with sexual offender registration requirements.  In one point, 
appellant complains that the evidence was insufficient to support the 
verdict.  We affirm.
Facts
        Appellant 
was a convicted sexual offender who was required to register his address with 
the police.  See Tex. Code. 
Crim. Proc. Ann. art. 62.10(a) (Vernon Supp. 2004).  In February 
2001, appellant went to the police department to register as a sex 
offender.  At the time of registration, the police explained to him the 
sexual offender registration requirements.  Officer Vernon Kenneth McHorse 
went over all the registration paperwork with appellant and told him that he was 
required to re-register every year in April for the rest of his life.  
Appellant re-registered on his birthday in April 2001.  At the initial 
registration, he was living in a parole-run halfway house.
        During 
the first registration in February 2001, the police also told appellant that if 
he planned to change addresses, he was required to notify the Fort Worth Police 
Department orally in person and in writing at least seven days before he was 
going to move, and provide them with his new address at that time.  At 
trial, the trial court admitted the first registration form signed by appellant, 
which contained the registration and notification requirements.
        Parole 
Officer William Kenneth Neill was appellant’s parole officer.  When 
appellant was released from prison in February 2001 he met with Officer Neill 
who informed him of the requirements of his parole.  In particular, he was 
not allowed to move without permission from his parole officer.  Officer 
Neill last saw appellant at the halfway house on June 24, 2001.  Officer 
Neill testified that appellant did not tell him that he intended to change his 
address.  Sometime thereafter, appellant left the halfway house without 
notice and the police considered him missing.
        According 
to a proposed home plan, appellant had wanted to move out of the halfway house 
into a family member’s home in Azle.  Officer Neill denied the home plan 
because six children lived adjacent to the home on the same property.  
Appellant was aware that the home plan was denied and that he was required to 
continue living at the halfway house until a suitable home plan could be 
approved.
        On 
a tip, Sergeant Willbert Kendricks, who was assigned to try to find missing sex 
offenders, found appellant living in his brother’s trailer in Azle.  At 
the time of appellant’s arrest, a child under the age of five was present at 
the home.  After his arrest, appellant admitted to the police that he left 
the halfway house without informing the halfway house, the police, or his parole 
officer.
Discussion
        In 
his sole point, appellant challenges the sufficiency of the evidence to support 
the verdict.  Specifically, he argues that the State failed to prove that 
he failed to provide his anticipated move date and address to the Fort Worth 
Police Department or his parole officer.
        Under 
article 62.10(a) of the code of criminal procedure, a person commits an offense 
if the person is required to register as a sexual offender and fails to comply 
with any requirement of chapter sixty two of the code of criminal 
procedure.  Tex. Code. Crim. Proc. 
Ann. art. 62.10(a).  Article 62.04 requires that if a registered sex 
offender intends to change addresses, seven days before the intended change, the 
person shall report in person to the local law enforcement authority and to the 
parole officer supervising the person and provide the authority and the officer 
with the person's anticipated move date and new address.  Id. art. 
62.04(a).  The State showed that appellant did not verify his new address 
changes with the proper authorities seven days before he left the halfway 
house.  See, e.g., Reyes v. State, 96 S.W.3d 603, 605 (Tex. 
App.—Houston [1st Dist.] 2002, pet. ref'd).  The fact that 
appellant expressed a desire, in a home plan, to live with his brother and his 
children does not constitute registry under the statute.
        Thus, 
applying the appropriate standards of review,[2] we 
hold that the evidence is both legally and factually sufficient to support the 
conviction.[3]  See Rodriguez v. State, 45 
S.W.3d 685, 687-88 (Tex. App.—Fort Worth 2001), aff’d, 93 S.W.3d 60 
(Tex. Crim. App. 2002).  We affirm the trial court’s judgment.
 
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
   
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 27, 2004


NOTES
1.  See Tex. R. App. P. 47.4.
2.  See Emery v. State, 881 
S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of 
review), cert. denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 
S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 
(1993); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (holding 
that a proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant's complaint on 
appeal); Santellan v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) 
(providing factual sufficiency standard of review); Clewis v. State, 922 
S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).
3.  See Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Johnson v. State, 23 
S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis, 922 S.W.2d at 134.