Opinion filed August 16, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed August 16, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00043-CR 

                                                    __________

 

                                  DOMINGO GOMEZ, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry County, Texas

 

                                                     Trial
Court Cause No. 8924

 



 

                                                                   O
P I N I O N

 

The jury convicted Domingo Gomez, Jr. of the
offense of failure to register as a sex offender[1]
and assessed his punishment at confinement for twelve years and a fine of
$5,000.  We affirm.  








Appellant presents three issues on appeal.  In the first and second issues, he challenges
the legal and factual sufficiency of the evidence regarding his culpable mental
state.  In order to determine if the
evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crin. App.
2000).  To determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral
light.  Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Then, we must determine
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15;  Johnson, 23 S.W.3d at 10-11.  We must also give due deference to the jury=s determinations of fact, particularly
those determinations concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at
8-9. 

The record in this case shows that appellant was
convicted in 1991 of indecency with a child. 
As a result, appellant has a lifetime duty to register annually as a sex
offender.  Tex. Code Crim. Proc. Ann. art. 62.101(a) (Vernon 2006),
formerly Tex. Code Crim. Proc.
art. 62.12 (1997) (requiring lifetime registration); see Rodriguez v. State,
93 S.W.3d 60 (Tex. Crim. App. 2002). 
Appellant=s
registration must be performed within thirty days before or thirty days after
his birthday, which is February 7.  Tex. Code Crim. Proc. Ann. art. 62.058
(Vernon 2006), formerly Tex. Code Crim.
Proc. art. 62.06 (1997).  At
trial, appellant acknowledged being notified of his obligation to register
annually for life and having a prior conviction for failing to register (in 1999)
as a sex offender.  He also admitted that
he did not register during the required time period in 2005.  Appellant contended at trial and argues on
appeal that his failure to register was not done knowingly, intentionally, or
recklessly[2]
because he attempted to register and because he was in jail during a portion of
the applicable registration period. 








Appellant was required to register between the
dates of January 8 and March 9, 2005 (thirty days before and after February
7).  He testified that he went to the
police station intending to register a few days after his birthday but was
unable to do so because his identification card had expired.  Appellant stated that Lisa Tate, the sex
offender registration coordinator, sent him to the DPS office to renew his
identification card.  When appellant
arrived at the DPS office, it was closed. 
He returned to the DPS office a couple of weeks later on February
25.  He renewed his identification card,
but he was arrested on an unrelated warrant for failing to appear in a child
support matter in another county. 
Appellant testified that, when he first arrived at the jail, he asked to
talk to Tate because he needed to register as a sex offender.  He said that he did not inquire into the
matter again. 

Appellant remained in jail from February 25
through March 25, 2005.  After being
released from jail, appellant did not attempt to register late even though he
had been allowed to do so in 2001. Appellant acknowledged that in 2001 he did
not register until October when he received a message from the district
attorney that he had missed the registration deadline and needed to
register.  Appellant testified that,
since it was too late to register when he was released from jail on March 25,
2005, he just waited to be arrested for failing to register.  He was arrested for this offense on July 23,
2005.

Tate testified that she did not recall whether
appellant attempted to register with an expired identification card, but she
said that she would have sent him to renew it or to get some other document to
verify his address because an expired identification card is not acceptable.  Tate testified that she accepts a variety of
documents to verify an address, including a driver=s
license, identification card, utility bill, pay stub containing a current
address, lease agreement, or postmarked mail with the name and address on
it.  When Tate learned that appellant was
in jail, she asked the jailer to put a note in appellant=s
file to contact her when he was released or before he was transferred to
another county.  Tate also testified that
she registers sex offenders even after they have missed their deadline.  According to Tate, appellant still had not
registered as of the date of trial, January 30, 2006.








After reviewing all of the evidence in this case,
we hold that the evidence is both legally and factually sufficient to support
the jury=s
verdict.  Appellant was aware of his duty
to register as a sex offender, and he admittedly failed to comply.  See Reyes v. State, 96 S.W.3d 603,
604-05 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d).  Appellant=s
first and second issues are overruled.  

In his third issue, appellant contends that the
trial court erred in overruling an objection to the State=s jury argument.  The record reflects the following:  

[PROSECUTOR]: 
What about Domingo Gomez=s
responsibility?  He tells you when he got
back from San Patricio County that he didn=t
register.  He says, AI just stayed there and waited for them
to come pick me up.@  Ladies and gentlemen, that is
intentional.  That is knowing.  He made that decision.  He knew if he just got in there and
registered that he could do that.  He had
done it before.  He had been eight months
late. . . .  All this stuff that [defense
counsel] says about him being unable to register within the 61-day time frame
doesn=t matter.

 

[DEFENSE COUNSEL]: 
Judge, I object.  That=s exactly what he=s indicted for.  It matters completely.

 

The trial court overruled the objection, and the prosecutor
continued explaining that appellant=s
own actions kept him from registering and that he had ample time both during
and after the 61-day period to register. 


There are four categories of proper jury argument:
(1) summation of the evidence, (2) reasonable deductions from the evidence, (3)
answers to the arguments of opposing counsel, and (4) pleas for law
enforcement.  Cantu v. State, 842
S.W.2d 667, 690 (Tex. Crim. App. 1992). 
Appellate courts should not hesitate to reverse when it appears the
State has departed from one of these areas in argument and has engaged in
conduct calculated to deny the accused a fair and impartial trial.  Johnson v. State, 604 S.W.2d 128, 135
(Tex. Crim. App. 1980).  The test to
determine whether an improper argument constitutes reversible error is whether the
argument violates a statute; injects a new and harmful fact into the case; or
is manifestly improper, harmful, and prejudicial to the rights of the
accused.  Wilson v. State, 938
S.W.2d 57, 59 (Tex. Crim. App. 1996).  








Appellant acknowledges that the prosecutor=s argument was apparently made in
response to appellant=s
closing argument, but he argues that the prosecutor=s
argument was nonetheless improper because it was legally incorrect.  We agree that the prosecutor=s argument was a response to the
argument of defense counsel, but we cannot hold that it was legally
incorrect.  In her argument, the
prosecutor did not ask the jury to disregard the elements of the offense as
charged in the indictment.  Rather, the
prosecutor was merely responding to defense counsel=s
request to acquit appellant because he was not able to register within the
required 61-day period B
either because his identification card had expired or because he was in
jail.  The prosecutor=s response merely implied that
appellant=s
supposed inability should not determine the jury=s
verdict because appellant had ample time during the 61-day period to register
and because any failure to do so was appellant=s
fault.  We hold that the prosecutor=s argument was not improper.  Consequently, we overrule appellant=s third issue.  

The judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

August 16, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall, J., and Strange, J.











[1]Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon 2006), formerly Tex. Code Crim. Proc. art. 62.10
(1997).





[2]We note that the State asserts that the inclusion of
these culpable mental states in the indictment was merely surplusage and,
therefore, not an essential element that had to be proved by the State.  See Rodriguez v. State, 93 S.W.3d 60,
73 (Tex. Crim. App. 2002) (holding that the 1997 amendments to the sex-offender
registration statute did not constitute ex post facto violations and concluding
that Athe statute does not require a culpable mental state
with respect to the registration and notification provisions@).  But see
Reyes v. State, 96 S.W.3d 603, 605 n.1 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (declining to follow Rodriguez, instead
citing Aguirre v. State, 22 S.W.3d 463, 472 (Tex. Crim. App. 1999), and Tex. Penal Code Ann. ' 6.02 (Vernon Supp. 2006) for the proposition that a
culpable mental state is required even though one is not specified in the
statute).  Because we find the evidence
to be sufficient to prove the culpable mental state as charged in this case, we
need not determine whether the culpable mental state was merely surplusage or
whether the sex-offender registration statute requires a culpable mental
state.