Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT













Opinion
issued August 31, 2010                                                     


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 


 
 

 
 



NO. 01-09-00977-CR

 


 
 

 
 



Joseph Manuel Uresti, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 


 
 

 
 
 



On Appeal from
the 351st District Court 

Harris County, Texas

Trial Court Cause No.
1166730

 


 
 

 
 
 



MEMORANDUM opinion

 Appellant, Joseph Manuel Uresti, was convicted by a jury of failing to
comply with sex offender registration requirements[1] and the
jury assessed his punishment at five years imprisonment and a fine of five
thousand dollars.  In two points of
error, appellant challenges the legal and factual sufficiency of the evidence
to sustain his conviction.  We affirm.

BACKGROUND

          On January 8, 2004, Officer Kimberly Fredrickson
(Houston Police Department) met with appellant and informed him that following
his release on parole,[2]
he would have to register as a sexual offender once per year within thirty days
of his birthday, as well as within seven days of changing his address.  At this initial meeting, appellant was told
that the registration requirement commenced upon his release from prison and
ended when he discharged his parole.

          Thereafter, appellant registered with
Fredrickson six more times prior to the discharge of his parole, and in all but
the final meeting, Officer Fredrickson confirmed appellant’s belief that the
requirement to register would expire when he discharged his parole on April 7,
2007.  In their final pre-discharge meeting
in October 2006, however, Officer Fredrickson explained that, due to a change
in the law, appellant now had to register for life “pending a change in
legislation,” and appellant signed a form by which he acknowledged his
obligation to register for life.  In a
March 2007 telephone conversation, Officer Fredrickson confirmed to appellant
that nothing had changed and she reiterated that appellant was obligated to
register for life.  Disturbed by the
answer, appellant vowed a court challenge to the requirement that he register
for life.  Appellant discharged his
parole on April 7, 2007.

          Appellant and Officer Fredrickson met
next on June 12, 2007, for their annual meeting.  Appellant registered his residence address as
the same he used on his October 25, 2006 report.  This was the final registration meeting
between appellant and Officer Fredrickson.

          On August 20, 2007, appellant
contacted Sergeant G.D. Kuschel, the supervisor of the sex offender
registration program, to inform him of appellant’s plans to move to a new
address.  Appellant again stated his
belief that his duty to register was set to soon expire, and the sergeant
informed him of the lifetime registration requirement.  Following an investigation, Sergeant Kuschel
discovered that appellant had already changed his address with both his
employer and the U.S. Postal Service more than a month earlier, on June 24 and
June 26, respectively, and that the lease agreement for appellant’s new
apartment became effective on June 20, 2007. 
Under cross examination at trial, appellant testified that he knew that
he “was supposed to” register his new address in person and that he had “never
not wanted to” comply with registration requirements but that registering was
“not on [his] mind” because “there was a lot in [his] life at that time,”
referring to his daughter’s prosecution for juvenile offenses.  Appellant testified that based upon his
discussions with Officer Fredrickson, he expected a change in the registration
law on September 1, 2007 that would obviated his need for registration and that
the requirements would no longer apply to him.

          Due to appellant’s failure to properly
register, the State charged appellant with failure to comply with the Texas
Penal Code’s sex offender registration requirements on March 13, 2008.  After hearing testimony from appellant,
appellant’s wife, Officer Fredrickson, Sergeant Kuschel, and others, the jury
convicted appellant and assessed his punishment at five years imprisonment and
a fine of five thousand dollars.  This
appeal followed.

LEGAL AND FACTUAL SUFFICIENCY

In two
points of error, appellant contends that the evidence is legally and factually
insufficient to support his conviction. 
Specifically, appellant contends that the undisputed evidence presented
at trial is legally insufficient because it cannot establish the applicable
culpable mens rea beyond a reasonable
doubt, i.e., that he intentionally or
knowingly failed to timely register his new address as required by the
statute.  Appellant also contends that
the evidence establishing mens rea is
factually insufficient because the evidence is so weak as to render the verdict
clearly wrong and manifestly unjust.

When
assessing the legal sufficiency of evidence we must consider the entire trial
record to determine whether, viewing the evidence in the light most favorable
to the verdict, a rational jury could have found beyond a reasonable doubt that
the accused committed all essential elements of the offense.  See Young v. State, 283 S.W.3d 854, 861–62
(Tex. Crim. App. 2009) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  In so doing, we give deference to the
fact-finder to fairly resolve conflicts in testimony, to weigh
evidence, and to draw reasonable inferences from the facts.  Young,
283 S.W.3d at 861–62.  We determine
whether the necessary inferences are reasonable by considering the cumulative
evidence, both direct and circumstantial. 
Id.  

In
reviewing the evidence on factual sufficiency grounds, following a neutral
review of all the evidence, we will set aside the verdict only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the
evidence.  Johnson v. State, 23 S.W.3d 1, 10–11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we
cannot conclude that a conviction is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted to
acquit had we been on the jury.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). 


The
requisite culpable mental state of the offense charged was intentional or knowing
breach of duty to register.[3]  The establishment of a culpable mental state
is almost invariably grounded upon inferences to be drawn by the finder of fact
from the attendant circumstances.  See Lane v. State, 763 S.W.2d 785, 787 (Tex. Crim.
App. 1989).  The pertinent,
attendant circumstances in this case are not in dispute.  Appellant testified that he fully complied
with the statutory registration requirements between January 2004 and June 12,
2007.  Both appellant and Officer
Fredrickson testified that the officer informed him prior to the discharge of
his parole that he was required to register for life, pending any changes in
legislation.  Appellant also testified
that he appeared in person for his annual registration meeting on June 12,
2007—more than two months after he discharged his parole and approximately two weeks
before he moved to a new address.  Although
he knew that he “was supposed to” register his new address in person, appellant
testified that he had certain family obligations and registering was “not on
[his] mind” when he moved in late June 2007. 
He also testified that he voluntarily reported a change of address on
August 20, 2007 to the authorities.  

It is the
factfinder’s role to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from “basic facts to ultimate facts,” Frost v. State, 2 S.W.3d 625, 630 (Tex.
App.—Houston [14 Dist.] 1999, pet. ref’d), and it may accept one version of the
facts and reject another.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  The jury, as the fact finder in this
case, apparently inferred from the circumstances that the appellant had the
requisite mental culpability.  In drawing such necessary and reasonable inferences from
the facts with respect to the required mental state of intent or knowledge, the
jury acted well within its discretion to resolve any conflict of fact, to weigh
any evidence, and to evaluate the credibility of any witnesses.  See Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421
(Tex. Crim. App. 1992).

Viewing the
evidence cumulatively and in the light most favorable to the verdict, we
conclude that a rational trier of fact could have reasonably inferred that
appellant had breached his duty to register with the required mental state of
intent or knowledge beyond a reasonable doubt. 
Even in considering all the evidence in a neutral light, we conclude
that the evidence was not so weak nor so outweighed by the great weight of
contrary evidence as to make the verdict seem clearly wrong and manifestly
unjust.  Thus, the evidence was both
legally and factually sufficient to support the verdict.  Accordingly, we overrule points of error one
and two.

CONCLUSION

We affirm the judgment of the trial court.

 

 

 

 

 

 

                                                          Jim Sharp

                                                          Justice


 

Panel
consists of Chief Justice Radack, and Justices Bland and Sharp.

Do not
publish.  Tex. R. App. P. 47.2(b).

 











[1]           See Tex. Code Crim. Proc. Ann. art. 62.102(b)(2)
(Vernon 2006). 





[2]           On
March 15, 1977, appellant was convicted of aggravated rape and sentenced to not
less than five but not more than thirty-five years in prison.  Appellant was released in 1989 after serving
almost twelve years of his sentence.  He
returned to prison after he was subsequently convicted of another, unrelated
crime in 1997.  Appellant was released on
parole in late 2003.

 





[3]           See Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006)
(definition of failure to register as sex offender does not specify culpable
mental state); Tex. Penal Code Ann.
§ 6.02(b)-(c) (Vernon Supp. 2009) (when definition is silent, culpable mental
state of intent, knowledge, or recklessness is required, unless definition
dispenses with any mental element); Reyes
v. State, 96 S.W.3d 603, 605 n.1 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d) (stating that sex offender registry statute requires culpable mental
state of intent, knowledge, or recklessness); see also Tex. Penal Code
Ann. § 6.03(a)-(b) (Vernon 2002) (defining culpable mental states of
intent and knowledge).