Reversed and Acquitted and Plurality and Concurring Opinions
filed August 12, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00338-CR



Gregory Carl
Green, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 40th District Court

Ellis County, Texas

Trial Court
Cause No. 32,870-CR



 

 PLURALITY OPINION

A jury found appellant, Gregory Carl Green, guilty of
the first degree felony offense of failure to comply with sex offender
registration requirements.  See Code Crim. Proc. Ann. arts. 62.102(b)(3),
62.102(c) (West 2010).  The jury assessed punishment at eight years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  We previously considered this case, and reversed appellant’s
conviction and remanded for a new trial.  The Court of Criminal Appeals vacated
our judgment and remanded for reconsideration in light of new precedent.  

 

Factual and Procedural Background

Sergeant Rodney Guthrie of the Waxahachie Police
Department, who supervises and manages the sex offender registration unit in
Waxahachie, testified he is familiar with appellant because appellant is a
registered sex offender in Sergeant Guthrie's unit. As a sex offender with two
or more prior convictions, appellant was required to report to Sergeant Guthrie
every 90 days. See Tex. Crim. Proc. Code Ann. art.
62.058(a) (West 2006). The first time appellant registered with
Sergeant Guthrie was September 8, 2005. At that time, appellant listed his
address as 801 Dunn Street—his parents' residence. The next time appellant
provided a change in address was November 16, 2006. Appellant listed his
address as 602 Highland Avenue. On May 2, 2007, Sergeant Guthrie received a
telephone call from appellant informing him appellant would be changing his
address. On May 3, 2007, appellant came into Sergeant Guthrie's
office and gave notice that he was changing his address to 1570 Holder Road.
Sergeant Guthrie reminded appellant that pursuant to the Texas Code of Criminal
Procedure he must stay at the Highland Avenue address for seven days before
moving to the Holder Road address. At first, appellant replied he could stay at
the Highland Avenue address only one to two days and then he admitted that he
had already moved from the Highland Avenue address and was staying with his
parents on Dunn Street. Sergeant Guthrie told appellant he was in violation of
the registration requirements. As far as Guthrie can remember, appellant did
not provide Guthrie with any reason for his move to 602 Highland.

After this
meeting, Sergeant Guthrie contacted Billy Graham, the property manager for the
landlord at 602 Highland Avenue. Graham told Guthrie that appellant and his
wife had moved out of 602 Highland Avenue on or around April 15, 2007.
Furthermore, Graham informed Sergeant Guthrie that a new tenant moved into the
Highland Avenue residence on April 20, 2007. Sergeant Guthrie also testified he
was aware appellant worked intermittently in Arizona for long periods of time
and had recommended that appellant register in Arizona. Appellant complied. The
Arizona records, entered into evidence, indicate appellant registered in
Arizona for employment purposes on April 18, 2007. The Arizona records did not
indicate appellant was permanently moving to or living in Arizona.

Billy Graham, the property manager for 602 Highland
Avenue, explained to the jury that he never actually saw appellant or his wife
move out of the house. Graham testified that he went to the house on or about
April 15, 2007, to collect the rent and found the house abandoned, aside from
some trash and items of furniture left outside. Graham assumed appellant and
his wife had moved and Graham rented the house to a new tenant on April 20,
2007. Graham testified appellant had done yard-work on the Highland Avenue
property sometime in March or April of 2007. Graham explained that all of the
rent checks he received for 602 Highland during the time appellant and his wife
lived at that address came either from appellant or appellant's parents.

The defense called Catherine Hunt, appellant's wife,
as its only witness. Hunt testified she and appellant moved into 602 Highland
Avenue the week before Thanksgiving 2006. Hunt explained appellant spent long
periods of time working in Arizona. At some point, while they were living at
602 Highland Avenue, Hunt became pregnant. Hunt testified she was thinking
about moving from the property, but appellant did not want to move because he
liked their home at 602 Highland Avenue. Hunt said that while appellant was out
of town working, he would send her money to pay the bills. Hunt told the jury
appellant went to work in Arizona on April 11, 2007. Hunt explained that on
April 16, 2007, five days after appellant left, she delivered their baby. After
delivering the baby, Hunt decided to move from the 602 Highland Avenue
residence into her parents' home on Holder Road. Hunt testified she did not
tell appellant about the move. Hunt explained appellant returned from Arizona
on April 28, 2007; however, on cross-examination, Hunt testified appellant came
back into town April 20, 2007, left again on April 24, 2007, and returned on
April 30, 2007. Hunt was unaware of when appellant found out she had moved
their belongings from the Highland Avenue address. Hunt testified she never
told appellant that she had moved from the Highland Avenue address into her
parents' house; however, on cross-examination Hunt testified she informed appellant of the move on
April 30, 2007. Hunt explained she knew appellant met with Sergeant Guthrie on
May 3, 2007, because that was the day she discovered “he was going to get
charged.”  

A jury found appellant guilty of failing to report
his intended move not later than the seventh day before the anticipated move
date. The jury found the enhancement paragraph in the indictment true and
sentenced appellant to eight years' confinement in the Institutional Division
of the Texas Department of Criminal Justice. 

On appeal, we determined the evidence was factually
insufficient to support conviction.  After  issuing our opinion, the Court of
Criminal Appeals  issued Brooks v. State, 323 S.W.3d 893, 894-95 (Tex.
Crim. App. 2010) (plurality opinion) abolishing factual sufficiency review as
prescribed under Clewis v. State.  Howard v. State, 333
S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011) (“[W]e have abolished
factual-sufficiency review.”); Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996).   The State appealed for discretionary review based on
Brooks.  Green v. State, No. PD-1685-10, 2011 WL 303818, at *1
(Tex. Crim. App. 2011).  The Court of Criminal Appeals granted the State’s petition
and remanded to this court for consideration under the new standard of review
for sufficiency of evidence.   Brooks, 323 S.W.3d at 894-95.

Discussion

I.         Is
the evidence sufficient to support appellant’s conviction?

            In
appellant’s first issue, he challenges the factual sufficiency of the
evidence.  Specifically, appellant contends the evidence is factually
insufficient to show he intentionally, knowingly, or recklessly failed to
comply with the sex-offender reporting requirements.  

 

            A.        Standard
of Review

Five judges on the Texas Court of Criminal Appeals
have determined that “the Jackson v. Virginia legal-sufficiency standard
is the only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt.”  Brooks, 323
S.W.3d at 894-95 (plurality opinion).[1] 
Therefore we review appellant’s factual sufficiency issue on appeal under the Jackson
v. Virginia legal sufficiency standard.  Id.

In a sufficiency review, we view all evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of a crime beyond a reasonable
doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). 
The jury, as the sole judge of the credibility of the witnesses, is free to
believe or disbelieve all or part of a witness’ testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  The jury may reasonably infer
facts from the evidence presented, credit the witnesses it chooses to,
disbelieve any or all of the evidence or testimony proffered, and weigh the
evidence as it sees fit.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  Reconciliation of conflicts in the evidence is within the
jury’s discretion and such conflicts alone will not call for reversal if there
is enough credible evidence to support a conviction.  Losada v. State,
721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  An appellate court may not reevaluate
the weight and credibility of the evidence produced at trial and in so doing
substitute its judgment for that of the fact finder.  King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).  Inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000).  We do not engage in a second evaluation of the weight
and credibility of the evidence, but only ensure the jury reached a rational
decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Harris
v. State, 164 S.W.3d 775, 784 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d.).

            B.        Analysis
— April 2007 Address Change 

            A
person commits the offense of failure to comply with registration requirements
if the person “is required to register and fails to comply with any
requirement” of Chapter 62.  Code Crim. Proc. Ann. art. 62.102 (West 2010). 
Under article 62.055(a), “[i]f a person required to register under this chapter
intends to change address, . . . the person shall, not later than the seventh
day before the intended change, report in person to the local law enforcement
authority designated as the person’s primary registration authority by the
department and to the . . . officer supervising the person and provide the
authority and the officer with the person’s anticipated move date and new
address.”  Tex. Crim. Proc. Code Ann. art. 62.055(a) (West 2010).  Under the
indictment, appellant was charged with failing to comply with this registration
requirement (“Requirement”).  Under article 62.055(a), appellant was also
required to provide proof of his new address to the applicable local law
enforcement authority for his new address within seven days after changing the
address or on the first date that the applicable authority allows appellant to
report.  See id.  However, appellant was not charged with violating this
registration requirement.  Appellant was only charged with violating the
Requirement.

There is no dispute concerning whether appellant was
required to register or whether appellant failed to comply with a registration
requirement.  The only issue is whether the State proved appellant
intentionally, knowingly, or recklessly failed to register his intended address
change.  See Reyes v. State, 96 S.W.3d 603, 605 n.1 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d) (stating that a culpable mental state is required
for failure to register violations).  We hold the State failed to meet its
burden.

Because appellant did not stipulate to any of his
prior convictions for indecency with a child, the State called Officer Robert
Allwardt as its first witness. Officer Allwardt gave expert fingerprint
identification testimony to show that appellant is the same person convicted
three times for indecency with a child in the judgments that the State
introduced into evidence. The State had to prove at least two such convictions
as part of its burden of proof under the indictment in this case. The State
then called Sergeant Guthrie to the stand. In addition to the testimony
described above, Sergeant Guthrie testified as follows:

•        
He is a police officer with the Waxahachie Police Department, who
supervises and manages the sex offender registration unit.

•        
When sex offenders living in Waxahachie first come in to register, they
fill out some documentation, and the sex offender registration unit reviews the
registration requirements with the offenders so they understand them.

•        
After his initial registration appellant had a duty to come in person to
the unit every 90 days to verify his registration.

•        
In addition to such periodic verifications, registered sex offenders are
also required to come in person to Guthrie's office to give notice of any
change in their residence address, employment status, telephone numbers, or
emergency contacts.

•        
As to changes in the residence addresses of registered sex offenders,
“[p]rior to any address change that [they] have, [they] must notify the
registering agency seven days prior to any change that [they are] going to
make.”

•        
Registered sex offenders cannot move whenever they want to do so; rather
they “have seven days notification that [they] must give the agency.”

•        
When appellant first registered in Waxahachie in September 2005, Guthrie
reviewed several forms with appellant, including a form that specifies the
registration requirements that the sex offender must follow (“Form”). Guthrie
reviewed all of these requirements with appellant, as shown by appellant
initialing each requirement on the form and signing the form, which was admitted
into evidence.

•        
The Form's main reason is to spell out each requirement that the
registered sex offender must follow. The Form “specifically says that
[appellant] must give seven days prior notice of his move or intended move
before making that move.”

•        
Appellant “had to provide the seven days [notice] prior to any move.”

•        
Appellant did not provide seven days prior notice of his move
from 602 Highland Avenue to 1570 Holder Road.

In sum, Sergeant Guthrie's testimony covered four
topics: (1) appellant's knowledge of the reporting
requirements; (2) appellant's prior conformity with all reporting requirements;
(3) appellant's visit on May 3 regarding the change in address and Sergeant
Guthrie's discovery that appellant had not given notice before this address change;
and (4) Guthrie's discussion with Billy Graham. Sergeant Guthrie's testimony
shed no light on whether appellant had an intention to move from the Highland
Avenue address. The State's final witness was Billy Graham, the property
manager at 602 Highland Avenue. Graham testified: (1) he observed appellant
landscaping and planting flowers around the house in March or April 2007; (2)
Graham had not received a rent payment for the Highland Avenue address in the
month of April, which was not unusual; (3) Graham discovered appellant's and
appellant's wife's belongings had been moved from the house—but he did not
witness either party moving the belongings; and (4) appellant did not tell
Graham he was moving out; and (5) Graham rented the house to another tenant
without informing appellant or appellant's wife. Both Guthrie and Graham
testified they were aware appellant spent long periods of time working in
Arizona.

The testimony at trial shows that Guthrie and the
prosecuting attorney both believed that registered sex offenders have to give
at least seven days advance notice before any address change. Guthrie testified
that appellant was told he had to give seven days prior notice of all address
changes. However, the Requirement 1 is triggered only “[i]f a person required
to register under this chapter intends to change address.” Tex. Crim. Proc.
Code Ann. Art. 62.055(a). In addition, the deadline for reporting this intended
address change is not seven days before the date on which the move actually
occurs; rather, the deadline is seven days “before the intended change.”  Id.
 There are various situations in which a registered sex offender's address may
change without the offender having any intent to change address prior to the
actual change of address. The offender may be barred from his current residence
without warning or someone else may move the offender's property out of the
residence and to another address without the offender's knowledge.            

After reviewing the record in this case, we conclude
there was no evidence that appellant intentionally, knowingly or recklessly
failed to comply with his reporting requirements.  Consequently, upon review of
the entire record we determine no rational jury could have determined the
evidence was sufficient to support a conviction.  See Brooks, 323
S.W.3d at 894-95.           

            C.        Analysis—November 2006
Address Change

The State also contends the jury could have found
appellant committed the offense as charged because there was some testimony
indicating appellant may have violated the reporting requirements when he
initially moved to the Highland Avenue address.  Sergeant Guthrie testified
appellant reported his change of address on November 16, 2006.  However, Graham
stated appellant moved into 602 Highland Avenue on November 12, 2006.  According
to the State’s argument, such testimony allows the jury to convict appellant of
the alleged violation because the jury charge included “on or about” language.  Regardless,
for the same reasons the State’s evidence is insufficient to show that
appellant intended to move from the Highland Avenue address, the evidence is
also insufficient to show appellant intentionally, knowingly, or recklessly
failed to report an intended move to the Highland Avenue address. However,
Guthrie indicated in his testimony that appellant complied with the reporting
requirements when he moved to the Highland Avenue address in November 2006. In
addition, for the same reasons stated above as to the April 2007 change of
address, the evidence was insufficient to prove that appellant failed to report
an intended address change in November 2006.

The majority of the testimony, evidence and arguments
made during trial concern the failure to report the move that occurred in April
2007.  The witnesses only briefly discussed the November move and the State
merely mentioned it in passing during its closing argument.  Sergeant Guthrie only
discussed November briefly and testified appellant had complied with the
registration requirements.  The first time the jury heard mention of any dates
regarding the November move was in the context of appellant following the
registration requirements.  He did not testify to seeing appellant living at
the house on November 12, 2006. Hunt stated she moved into the house the week
before Thanksgiving. The evidence concerning the November move is insufficient
to justify a conviction.  We reach this conclusion based upon the objective
basis in the record that there was no evidence appellant ever had an intent to
change his address in November 2006 that he failed to report not later than the
seventh day before the date of the intended address change.

            Accordingly,
we sustain appellant’s first issue.  If, under the review set forth in Jackson
v. Virgina, we determine a reasonable factfinder would necessarily
entertain reasonable doubt about the defendant’s guilt, due process requires us
to reverse and order a judgment of acquittal.  Id; Swearingen v. State, 101
S.W.3d 89, 95 (Tex. Crim. App. 2003).  

Because
we have resolved the appeal with consideration of the first issue, we do not
reach appellant’s second issue.  See Drichas v. State, 175 S.W.3d 795,
799 (Tex. Crim. App. 2005); Tex. R. App. P. 47.1.    

  


Conclusion

            Having
sustained appellant’s first issue, we reverse and render a judgment of acquittal
of appellant.    

 

            








                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Seymore. (Frost, J., and Seymore, J., Concurring). 

Publish—Tex. R. App. P. 47.2 (b).

 









[1]
Nonetheless, this does not alter the constitutional authority of the
intermediate courts of appeals to evaluate and rule on questions of fact.  See
Tex. Const. art. V, § 6(a)
(“[T]he decision of [courts of appeals] shall be conclusive on all questions of
fact brought before them on appeal or error”).  Amendment of the Texas
Constitution may occur only after the Legislature has proposed amendments and
Texas voters have had the opportunity to vote on them.  Tex. Const. art. XVII, § 1.  Therefore, while we acknowledge
the Texas Court of Criminal Appeals’ general authority to instruct lower courts
regarding the standards of appellate review, we respectfully note that it does
not have jurisdiction or authority to abridge our constitutional mandate.  See
Howard v. State, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011) (“[W]e have
abolished factual-sufficiency review.”)